RICHARDSON *et al.* v. PARKER, McCONNELL & CO.

No. 1911.   Opinion Filed July 23, 1912.

(125 Pac. 442.)

FRAUDS, STATUTE OF—Promises to Answer for Debt of Another—Original or Collateral Promise—Question for Jury. Where a party verbally promises to pay for advancements to be made to another, if the verbal contract primarily creates a liability on the part of the promisor, the same is not within the statute of frauds.

   (a)   If the intention, however, of the promisor was that he should only be collaterally liable, and pay only in case of default on the part of the party to whom the advancement was actually made, then such verbal contract would be void as within the prohibition of the statute of frauds.

   (b)   **Held,** under the facts in this case, that the question as to whether the verbal undertaking was primary or collateral was a question of fact to be determined by the jury under proper instructions.

(Syllabus by the Court.)

*Error from Tillman County Court;*
*T. E. Campbell, Judge.*

Action by Parker, McConnell & Co., against W. A. Richardson and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

*McGuire & Caudill* and *L. P. Mosier,* for plaintiffs in error.

*Mounts & Davis,* for defendants in error.

WILLIAMS, J. This proceeding in error seeks to review the judgment of the lower court in an action wherein the defendants in error, Parker, McConnell & Co., as plaintiffs, sued the plaintiffs in error, W. A. Richardson and P. P. Richardson, as defendants, on a certain itemized account, wherein it was alleged that the said defendants were indebted to plaintiffs in a certain sum "for goods, wares, and merchandise, viz., groceries, which plaintiffs sold and delivered to said defendant C. M. Richardson." The defendants answered by general denial. Trial was had, and judgment rendered in favor of the plaintiffs in the sum sued for, to wit, $279.15.

The contention in this case is that the goods, wares, and merchandise were sold to C. M. Richardson, and not to the plaintiffs in error; and therefore they are not liable, because they did not agree in writing to become bound therefor. Paragraph 2, sec. 1089, Comp. Laws 1909; section 847, St. Okla. T. 1890.

The evidence tended to show that W. A. Richardson stated, when talking with defendants in error:

"We will just let that go, but will pay [referring to the one in controversy] that account later on." C. M. Richardson was one of the sons of W. A. Richardson. The evidence also tended to show that said W. A. Richardson said "that was his son that had moved down here, and wanted me to let him have some groceries, and went on to say that whatever he got he would see that it was all right and paid for. He said that he would be out there farming with them, but what one got they were all good for, and impressed it upon my mind they would pay for it. . He told me to keep the account separate, so that they would know what he got on the books from P. P. Richardson's account."

After C. M. Richardson moved away, the defendants in error sent him a note to sign, writing him as follows:

"Mr. C. M. Richardson, Okeene, Okla.

"Dear Sir: We are today sending First National Bank of Okeene a note for the amount of your account, with interest to date. We had a conversation with your father the other day, and he instructed us to do this and said you would sign note and return at once. Now, we hope you will attend to this at once and save us a trip up there. As this amount is so large we can-

not afford to carry it in this shape any longer. We think, under the existing circumstances, that you will certainly sign this note without any trouble."

Later the defendants in error again wrote to the same party as follows:·

"I have just seen your father and brother in regard to your account and they claim you have made no arrangements for them to settle your account, only that they would sign a note with you for the same. We are again sending to the First National Bank of Okeene note with interest to date shown thereon, which we hope you will go and sign as soon as you receive this letter. Your father and brother will sign as soon as you return with your signature."

The evidence further, on the part of the defendants in error, was as follows:

"The conversation was that occurred at the time when Mr. Richardson brought his son in there and introduced him, and told us he wanted to open up an account, and that they would be responsible, and that they would see that it was paid, if he didn't."

The evidence further, on the part of the plaintiffs, was that the plaintiffs in error stated to the defendants in error, before the goods were sold to C. M. Richardson, that they would pay for such goods.

In *May v. Roberts*, 28 Okla. 619, 115 Pac. 771, the syllabus is as follows:

"R. said to M., a physician, 'I want you to go to that little house (pointing same out). My tenant's wife, Mrs. B., is sick there; and I want you to look after her and take care of her.' M. asked him about the pay, and he said, 'I will see that it is paid.' It was in answer to M.'s question about pay for such service as he might render to Mrs. B. that he said, 'I will see that it is paid.' *Held*, that it was error to exclude this evidence from the jury.

"(a)    Such evidence was competent and material for the consideration of the jury, in connection with all the facts and circumstances proved, to determine whether the liability created was primary or collateral.

"(b)    If the liability was primary, such verbal contract was valid, and not within the statute of frauds.

"(c)    If the intention was that the husband of Mrs. B. should be primarily liable, and that R.'s liability should be only

collateral (that is, to answer in case of the husband's default), then the contract was void as within the statute of frauds."

In the case at bar, the cause was submitted to the jury by the court under instructions conformable to the rule announced in the above case.

The question was whether, under all the evidence, the credit was given jointly to C. M. Richardson with his father, W. A. Richardson, and P. P. Richardson, or to C. M. Richardson, with the understanding that, if he did not pay for said goods, wares, and merchandise, then the said father and brother would. If the former, the plaintiffs in error were liable; if the latter, the statute of frauds intervened and struck down the contract. Under the evidence in this case, it was a question of fact for the determination of the jury under proper instructions. The jury having found against the contention of the plaintiffs in error, and there being some substantial evidence to sustain such verdict, the same will not be disturbed on review in this court.

The judgment of the lower court will be affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.