## WATERS v. DORE *et al.*

No. 4483. Opinion Filed July 20, 1915.

(150 Pac. 885.)

1. **COURTS—County Court—Jurisdiction—Specific Performance.** The county court has jurisdiction in a suit to recover an alleged balance of the purchase price of a town lot; and this notwithstanding defendant's answer denies he ever bought the lot, and that he owes anything as balance of purchase price, or otherwise. Section 12, of article 7 of the Constitution (Williams' Const., sec. 197) deprives the county court of jurisdiction in cases for "specific performance of contracts for the sale of real estate," and "wherein the title or boundaries of land may be in dispute or called in question," and for "the partition or sale of real estate," but a suit in which the sole issue is whether a person did or did not buy a lot, and, depending on this question, does or does not owe a balance of purchase price, is not within the restrictions of the Constitution noted.

2. **EVIDENCE—Relevancy.** It is not error to exclude evidence that has no bearing on, and does not tend to prove or disprove, any issue raised by the pleadings.

3.     **TRIAL—Instructions—Evidence to Sustain.** It is not error to refuse an instruction upon a point upon which there is no evidence in the case.

(Syllabus by Brewer, C.)

*Error from County Court, Adair County;*

*W. A. Corley, Judge.*

Action by P. J. Dore and Nolia B. Dore against C. W. Waters. Judgment for plaintiffs, and defendant brings error. Affirmed.

*R. Y. Nance* and *John A. Goodall,* for plaintiff in error.

*E. B. Arnold* and *W. L. Chase,* for defendants in error.

Opinion by BREWER, C. The defendants in error, the Dores, brought this suit as plaintiffs in the trial court against Waters, to recover the sum of $750, alleged to be due as the final payment of the purchase price of a certain improved town lot, and prayed for a money judgment in said sum. Waters filed an answer, in which he denied being indebted in any sum as part of the consideration for a town lot, or otherwise, and alleged that, while it was true the Dores had deeded him lot 6 in block 26 in the town of Westville, and that he had let the Dores have the sum of $2,500, yet that the deed executed and received by him was merely intended as a mortgage, to secure the return to him of $2,500 the Dores had received, which he alleges to have been a loan; that therefore he had not bought or contracted to buy the lot from the Dores at any price, but was holding same as security for his money; that he did not owe them the $750, or any other sum. The plaintiffs filed a general denial for a reply. The cause was tried to a jury on the

issues thus formed, and a verdict was rendered in favor of plaintiffs in the sum of $750, the amount sued for.

Defendant below brings this appeal, and assigns the following errors: (1) That the county court was without jurisdiction; (2) that the verdict and judgment are not sustained by sufficient evidence; (3) refusal of the court to admit certain evidence; (4) the refusal of the court to give a certain requested instruction.

The contention that the county court was without jurisdiction cannot be sustained. This point is based on section 12 of article 7 of the Constitution, which defines the jurisdiction of county courts, and which, among other things, provides:

"That the county courts shall not have jurisdiction in any action * * * for * * * specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question."

We suppose the plaintiff in error must be of the opinion that, because this suit is to recover a sum alleged to be due as the purchase price of land, the jurisdiction of the court fails. This is not the case. It is not attempted here to obtain a lien on land; the title to land is not involved, nor its boundaries; nor is it sought to specifically enforce a contract for the sale of land; nor does it in any way come within the provisions of the section of the Constitution relied upon. It is true the defense here set up, as against the claim of indebtedness, is that he had loaned money on land and had taken a deed back as security for the same, and that therefore, there not having been a purchase of the land, he owed nothing as a balance due on the land. If the jury believed this to be true,

it was a complete defense to the claim, because, if the defendant had not bought any land, necessarily he did not owe a balance of the purchase price therefor; and, if found true, this would simply defeat plaintiffs' suit.

2.   This point is without merit.   The evidence was quite extensive in this case, and was conflicting.   The jury, after hearing it all and weighing it, decided that the defendant had bought the land; that he had paid $2,500 on it, and owed the $750 balance sued for, which two sums made the amount named in the deed the defendant had received and placed on record.   It is further shown that defendant entered into possession and was receiving rents and profits of the land.   There was ample evidence to support the verdict.

3.   During the trial defendant asked a certain witness a question, the tendency of which was to prove that the $750 was agreed to be paid to Dore in consideration for the use of his influence in obtaining for Waters the appointment as postmaster at Westville.   The court refused evidence of this nature, and did so properly, for the reason that the evidence was not within any issue raised by the pleadings, and for the further reason that to allow the defendant to prove that he did agree to pay plaintiffs the $750 in connection with the purchase of the land, but that it was illegal, because against public policy, was permitting him to contradict his own answer, in which he had denied he had ever purchased the land or agreed to pay the $750 sued for.

The instruction requested, and which was refused by the court, was to the effect that agreements to pay for the influence of another in obtaining a public office are void as against public policy.   The refusal to give this

instruction was not error, for the reason that it was not within the issues; nor was there any evidence upon which to predicate it.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.