## DANE v. BENNETT.

No. 5427.    Opinion filed October 12, 1915.

(152 Pac. 347.)

1. **APPEAL AND ERROR—Presentation Below—Admission of Evidence.** Whether or not the court erred in the admission of testimony will not be considered, when there is no objection made to its introduction.

2. **TRIAL — Incompetent Evidence — Failure to Object — Probative Effect.** Incompetent testimony, if relevant to the issue, is sufficient to sustain a verdict, if admitted without objection.

3. **APPEAL AND ERROR—Harmless Error—Deliberations of Jury.** While it is error to allow the pleadings to be taken to the jury room by the jury while considering their verdict, without the consent of the parties, yet if the record is otherwise free from error and the court is satisfied that the verdict is not excessive, the judgment will not be reversed for this cause alone.

4. **TRIAL—Misconduct of Counsel—Jury.** It is highly improper for counsel to hand any papers relating to the case to the jury to be taken by them to their room while considering their verdict, and such practice is severely condemned.

(Syllabus by Devereux, C.)

*Error from County Court, Bryan County;*
*Jesse Hamilton, Judge.*

Action by Ed S. Bennett against Sam Dane. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was begun in the court of a justice of the peace for Bryan county, and taken by appeal to the county court. The cause of action was to recover $116.30, due on an open account for the repair of an automobile, and the plaintiff attached an itemized statement of the account to his bill of particulars, but it was not verified. During the trial the plaintiff testified:

"Q. Now this account you have attached to your petition, I will get you to state to the court in what particu-

lars, if any, if any of the items were erroneous or correct.
A. There is not a thing in it that is not correct and due
me.   Q. So far as you know at this time?   A. Yes, sir."

This evidence was not objected to.   There was a ver-
dict for the plaintiff below for $75.80, and judgment ren-
dered thereon in favor of the plaintiff.   In the motion for
a new trial, one of the grounds set up is misconduct of
the jury or the prevailing party, and in support of the
motion an affidavit was filed, stating that, immediately
on the conclusion of the trial, and without the knowledge
of the defendant or of the court, plaintiff's counsel, by
some means unknown to the defendant, placed the bill of
particulars and the unverified account attached thereto in
the hands of the jury, and the jury considered the same
in arriving at their verdict, and were influenced thereby.
No counter affidavit was filed, but no request was made
of the trial court to find the truth of this matter.   The
trial court overruled the motion for a new trial, and the
defendant brings the case to this court by petition in
error and case-made, and says in his brief:

"Plaintiff relies upon the following errors for a re-
versal:   The court erred in overruling the defendant's
motion for a new trial.   The court erred in admitting im-
proper testimony over the objection of the defendant.
The court erred in that the judgment rendered is not sus-
tained by the evidence and is contrary to the law."

*W. H. Ritchey,* for plaintiff in error.

*Kyle & Newman,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts
as above).   In the brief on behalf of the plaintiff in error,
these assignments of error are not separately discussed,
but we gather from it that two grounds are urged for a
reversal of the judgment:   First. Because there was no

evidence of the correctness of the account, or of the amount due the plaintiff; and, second, that it was prejudicial error to allow the jury to take the bill of particulars and itemized account attached thereto, to the jury room.

As to the first ground. The plaintiff testified positively that there was not a thing in the account attached to the bill of particulars that was not correct and due him, and no objection was made to this evidence. If this evidence was believed by the jury, it proved the plaintiff's case, but in the brief it is said that this was only a conclusion of the witness, and therefore was no evidence of the correctness of the account. If a timely objection had been made to the introduction of this evidence, if admitted, an exception to the ruling of the court would have saved the question, but no objection was made. In *Winans v. Hare*, 46 Okla. 741, 148 Pac. 1052, it is held:

"Plaintiffs assign as error, the admitting of certain exhibits in evidence, but the record shows that no exceptions were taken to the ruling of the court in admitting this evidence, and this court cannot therefore consider this assignment."

In *Eichoff v. Russell*, 46 Okla. 512, 149 Pac. 146, it is held:

"Whether the court erred in the admission of testimony will not be considered, where no objections are made to the introduction of the testimony when offered."

In *Reaves v. Reaves*, 15 Okla. 240, 82 Pac. 490, 2 L. R. A. (N. S.) 353, the question at issue was whether the witness, who was also a party to the action, had been the common-law wife of one H. H. Reaves, deceased, and she was asked:

"I will ask you to state what each party said at that time with reference to the matter, Mrs. Reaves, what was said by him, and what was said by you.    A. Well, Mr. Reaves told me he wanted me to live with him, to take care of him and be his wife."

The court say:

"Now, as far as the record shows, no objection was made to the question or answer when given.    It is true that at the close of the examination of Mrs. Reaves, the counsel for plaintiff in error 'moved to strike out from this testimony that portion of the testimony of the witness which put words concerning the contract into the mouth of H. H. Reaves, under the ordinary rule that Mr. Reaves is deceased.'  Now this motion was not based upon any objection made during the taking of the testimony, and it seems to us not enough to save the point attempted to be saved by this assignment of error."

In that case the evidence was clearly inadmissible, and as clearly had an important bearing on the issue being tried, but as no exception was properly saved to it, it was held that the action of the trial court in admitting it could not be reviewed.

The case of *Kasenberg v. Hartshorn*, 30 Okla. 417, 120 Pac. 956, cited by plaintiff in error, is not in point, for in that case proper exceptions were saved to the introduction of the evidence.  We are therefore of the opinion that this assignment of error cannot avail the plaintiff in error.

The next ground for reversal urged is that, immediately at the conclusion of the trial, and without the knowledge of the defendant or his counsel, and without the consent or permission of the court, plaintiff's counsel, by some means unknown to the defendant, or his coun-

Dane v. Bennett.

sel, placed the bill of particulars, and the unverified account attached thereto, in the hands of the jury, and that they were considered by the jury in arriving at their verdict, and that the jury were materially influenced thereby. The affidavit in support of the motion for a new trial set these matters out, and as it was not contradicted, it will be taken as true. *Bush v. Ætna Building & Loan Ass'n, ante,* p. 529, 151 Pac. 850. It was certainly highly improper for counsel to give any papers or other things to the jury without the knowledge and consent of the court, and such practice cannot be too severely condemned, but under the facts as they appear in this record, can we award a new trial, and thus punish the client for the wrongful act of counsel? The amount claimed by the plaintiff was $116.30, and the verdict was for $78.50. The evidence of the plaintiff, if believed, fully warranted the verdict, and it is plain that the jury did believe it. In *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 384, 120 Pac. 969, it is said:

"It may be, however, that the jury was prejudicially influenced against the defendant by being permitted to take with them to the jury room for their consideration the second amended petition, answer, and reply, on which the case was tried. This often has been held to be error (citing cases). The pleadings, and particularly the petition, always set out the details of the injury with a harrowing particularity which is seldom entirely supported by the evidence, and the jury may unconsciously have been misled by the statements contained in the pleadings, instead of confining their deliberations to the evidence, as was their duty. With a verdict that satisfied the judgment of the court, and a record otherwise free from error, we would be loath to set aside the verdict upon the last ground, and will not do so if the plaintiff,

within 15 days after the mandate is handed down, files a *remittitur* for all in excess of $10,000."

In that case the complaint was that the amount of damages allowed was excessive, and it was in that connection that the court held it was error to allow the pleadings to be taken to the jury room. In the case at bar, however, the verdict was not excessive, if the jury believed the plaintiff, and, in our opinion, the record is otherwise free from error, and the verdict satisfies the judgment of this court. We cannot, therefore, hold that this was prejudicial error requiring us to reverse the judgment. Rev. Laws 1910, sec. 6005.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.