## SCHMUCKER v. CLIFTON.

No. 8250—Opinion Filed Jan. 23, 1917.

(162 Pac. 1094.)

1. **Appeal and Error—Question of Fact—Review.**

Where a demurrer is not interposed to the evidence or a directed verdict requested, the insufficiency of the evidence to sustain the verdict cannot be reviewed by this court.

2. **Appeal and Error—Prejudicial Error—Copying Pleadings in Instruction.**

While we do not approve, as the best mode of defining the issues to the jury, the copying of the pleadings in the instructions of the court, yet where the pleadings are not prolix, do no contain important and intricate averments, and where another part of the instructions of the trial court fairly instructs the jury as to the issues involved in the case, the copying of said pleadings in the instructions is not prejudicial error.

3. **Landlord and Tenant—Rental Contract—Improvement of Building.**

Where the rental contract provides the time at which the same is to begin, and it is provided in said rental contract that said building is to be put in proper condition for occupancy, it is the duty of the lessor to have put the building in proper condition for occupancy by the time that the said rental contract began to run.

4. **New Trial—Grounds—Newly Discovered Evidence.**

A new trial predicated upon newly discovered evidence that the lessee had sought to dispose of his interest in the rental contract, which is the subject-matter of the action, is not ground upon which to predicate a new trial.

(Syllabus by Collier, C.)

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by A. D. Clifton against W. B. Schmucker. Judgment for plaintiff, and defendant brings error. Affirmed.

A. C. Wallace, for plaintiff in error.

John L. Crank, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error, to recover damages for breach of a rental contract entered into by and between the parties to this action. Hereinafter the parties will be designated as they were in the trial court.

The agreement which is the basis of this action reads as follows:

"Articles of Agreement.

"This agreement, made and entered into in duplicate on this the 6th day of October, A. D. 1914, by and between W. B. Schmucker, of Miami, Oklahoma, party of the first part, and A. D. Clifton, of Cleveland, Oklahoma, party of the second part: Witnesseth that the said first party, for and in consideration of the payment to him of $350.00 by the second party by these presents rents, lets, and demises unto the said second party, all of that portion of what is known as the Opera House Block, in the city of Miami, Oklahoma, used for opera purposes, with the right to put in and operate moving pictures, with the express condition that such equipment will be standard equipment as required by the Insurance Underwriters Association, for and during a period of one year from the first day of November, 1914, the second party at his option may keep said building as aforesaid, for a period of three years at the same annual rental.

"It is further agreed that the said second party shall pay the said first party the sum of $350.00 per annum as rental in advance.

"It is further understood and agreed by and between the parties hereto, that in the event that the said second party elects to retain or surrender said property at the expiration of the first year, that he will give sixty days' notice of his intention to the said first party.

"It is further agreed that the said second party will keep said property in as good repair as it now is, barring unavoidable accidents, and will deliver the same at the expiration of said term.

"It is further agreed that said second party will furnish to the family of the said first party, complimentary tickets to all entertainments during said term.

"It is further agreed that said second party may use all fixtures now in said opera house, but the said first party is not required to furnish any additional fixtures, except to put the electric wiring of said building in proper condition for occupancy. Said building is to be put in proper condition for occupancy.

"In witness whereof, we have signed our names this the day and year first written.

"[Signed]                 W. B. Schmucker,
                              "First Party.

                          "A. D. Clifton,
                              "Second Party.

"Signed, sealed and delivered in the presence of

      "[Signed] H. J. Butler.
      "[Signed] O. F. Mason."

For reasons hereinafter stated it is unnecessary to set out the evidence in the case further than that notice was served upon the defendant by the officials of the city of Miami, Okla., requiring him to equip said opera house by installing fire escapes, three liquid fire extinguishers of not less than three gallons each, and an asbestos drop curtain, and that shortly after receipt of said notice the defendant contracted to have said fire escapes installed, but that said fire escapes, having to be manufactured, could not be installed until some considerable time after the rental period named in said agreement began, and that the house was not fitted for occupancy as contracted, and that the house was not occupied by the plaintiff.

While it is assigned as error that the court overruled demurrer of defendant to evidence of plaintiff, yet after a most careful examination of the record in this case, we are unable to find that a demurrer was interposed to the evidence of the plaintiff, or a directed verdict in favor of the defendant asked.

The refused instructions required by the defendant and duly excepted to are as follows:

"(1) You are instructed, gentlemen of the jury, that a stipulation in a rental contract for a building that the owner is not required to furnish any additional fixtures is valid and binding between the parties, and the owner is relieved from installing the same as against his tenant, even though such additional fixtures are ordered by the municipal authorities pursuant to building ordinances or regulations.

"(2) You are further instructed, gentlemen of the jury, that it was not necessary for the defendant in this case to install said fire escape within the time between the serving of said notice on the 26th day of October, 1914, and the 1st day of November, 1914, in order to comply with the conditions of his rental contract with the plaintiff herein, but that the defendant had a reasonable time to install said fire escape, even though the plaintiff herein was prevented from using the building during such time, and his failure to install said fire escape by the 1st day of November would not render this defendant liable in damages to the plaintiff herein for such failure, provided that the same was installed within a reasonable time.

"(3) Anything fixed or attached to a building and used in connection with the building, movable or immovable, is a fixture."

The jury returned a verdict in favor of plaintiff in the sum of $589. Timely motion was made for a new trial, which was overruled, excepted to, and error brought to reverse the judgment rendered.

From the fact that a demurrer was not interposed to the evidence of the plaintiff, or a directed verdict requested in favor of defendant. the sufficiency of the evidence to sustain the verdict rendered cannot be reviewed by this court, and hence it is unnecessary to state the evidence in the case other than as hereinbefore set forth.

"In the absence of a demurrer to the evidence or motion for a directed verdict, the insufficiency of the evidence to sustain the verdict is not presented to this court on appeal." Simpson v. Mauldin, 61 Oklahoma, 160 Pac. 481; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484.

Hence, our review of the cause is confined to the instructions given and refused by the court. While we think it would have been better practice to have more distinctly stated the issues involved in the trial than was done by copying into the instruction given the pleadings in the case. we think that, by reason of the opportunity given by the trial judge, who gave ample time and invited the attorneys for the parties to prepare instructions to be submitted to him, and to review the instructions prepared in

the case before they were given to the jury, if the defendant felt that the issues had not been properly defined, then the attorney of the defendant should have prepared instructions, and presented them to the judge, strictly defining the issues involved.

While we think that the trial judge more carefully instructed the jury upon the law than was necessary in regard to the furnishing of fire escapes and other safeguards against the casualties incident to the gathering of many in a crowded space, we are unable to see that the same was prejudicial to the defendant. In short, upon a careful review of the entire instruction given by the trial court to the jury, we are unable to see that prejudicial error resulted therefrom to the defendant.

We have carefully considered the many authorities cited in the well-prepared brief of the defendant, addressed more particularly to the giving of instruction No. 1, and we do not feel that our holding is in conflict with the case of Independent Oil Co. v. Beacham, 31 Okla. 393, 120 Pac. 969.

With due deference to the learned attorney representing the defendant we are unable to agree that said case sustains the position taken by him, and in this we feel that we are confirmed by that part of the opinion in said case, which says:

"With a verdict that satisfied the judgment of the court and a record otherwise free from error, we would be loath to set aside the verdict upon the last ground."

The authorities cited in support of contention of defendant as to reversible error committed by the trial court in incorporating in the instructions to the jury the pleadings in the case are, in nearly every instance, based upon the fact that the pleadings were prolix, contained important and intricate averments, which we hold is not the case in the instant case.

Again we think that the trial court in instruction 6 fairly states the issues involved in the case, said instruction 6 being in the following words:

"If you find and believe from the evidence in this case that it was the duty of the plaintiff, under his contract with the defendant, to comply with the orders of the mayor of the city of Miami, and of A. H. Seay, fire chief of said city, to install three liquid fire extinguishers of not less than three gallons each, the same to be located, one on the stage, one on the balcony, and one at the door of the main entrance in the opera house building in question, and also an asbestos drop curtain at the front of the stage, and remove all doors leading to the balcony, and to cause all entrance and exit doors to open outward, and to construct fire escapes on the north side of said opera house building aforesaid at the corner of Fourth avenue and Main street in the city of Miami, Ottawa county, Okla., the same being on lots 17 and 18 in block 94 of said city, and all as set forth in plaintiff's Exhibits B, C. and D, in evidence in this case, then you will find the issues in favor of the defendant and against the plaintiff; but if you find and believe from the evidence in this case the contrary to these things hereinabove set forth to be true, then and in that case you will find the issues in favor of the plaintiff, A. D. Clifton, and against the defendant, W. B. Schmucker, and will award the plaintiff such damages as you may find and believe him justly entitled to under all the facts and circumstances in evidence before you upon this trial, not exceeding the amount sued for, that is to say not in excess of the sum of $589."

We are unable to see that the refusal to give the said requested and refused instructions was prejudicial error, or that the giving of the same could have in anywise affected the verdict of the jury. Especially is this true when we remember that the rental contract, which is the basis of this action, was plain and unambiguous, and unquestionably required the defendant to have said building put in proper condition for occupancy, which, of course, means proper condition for occupancy at the time of the commencement of the rental period named in the contract of renting.

We are unable to agree with the learned attorney for the defendant that a reasonable time after the commencing of the rental period would have been sufficient in which to prepare the building for occupancy, and thus exonerate the defendant from liability on account of said contract.

It follows that the court did not err in denying the motion for a new trial, especially in view of the fact that there was no merit in the alleged ground of newly discovered evidence "that the defendant had sought to dispose of his interest in said rental contract." Certainly the defendant had a right to attempt to dispose of his interest in said rental contract without in any manner affecting his right to subsequently bring action upon, and recover damages for a breach of said contract. "Newly discovered evidence" authorizing a new trial must be likely to change the results, be discovered since the trial, not have been discoverable before trial by due diligence, be material, and not cumulative or impeaching. Vickers v. Phillip

Carey Co., 49 Okla. 231, 151 Pac. 1023, L. R. A 1916C, 1155.

The judgment rendered in this cause is affirmed.

By the Court: It is so ordered.