## OKLAHOMA, K. & M. R. Co. v. HURST.

No. 10729—Opinion Filed May 16, 1922.

(Syllabus.)

**Appeal and Error—Questions of Fact—Verdict.**

Where the trial court submitted to the jury, under the proper instructions, the theory of the case presented by the plaintiff and defendant, and there is sufficient competent evidence to reasonably support the verdict, the finding of the jury is conclusive upon appeal.

Error from County Court, Ottawa County; C. S. Wortman, Judge.

Action by J. B. Hurst against the Oklahoma, Kansas & Missouri Railway Company for remuneration for services. Judgment for plaintiff, and defendant brings error. Affirmed.

Ray McNaughton, for plaintiff in error.

F. W. Church, for defendant in error.

McNEILL, J. This action was commenced in the county court of Ottawa county by J. B. Hurst against the Oklahoma, Kansas & Missouri Railway Company, a corporation, to recover for services rendered in making certain collections for the company of the reasonable value of $474.53 and for certain expenses incurred while plaintiff was in the employ of the company as its agent, according to an itemized account attached to said petition. The defendant filed an answer in the nature of a general denial. The facts of the case are practically as follows:

The plaintiff had been employed as depot agent for the defendant company at Commerce, Okla., and was checked out. He contends that the company was indebted to him

for a few small items of expense while employed as agent, amounting to approximately $10. That after the termination of his employment as agent of the company, he was employed by the company to make collections of freight bills owing to the company in and around the vicinity of Commerce, where he had been employed as agent. The company authorized the agent to deliver freight to various consignors at that point, without paying the charges therefor, and would thereafter present bills and collect for same. The plaintiff testified there was nothing said regarding the amount of compensation that he should receive. That he collected over $5,000, and said services were of the reasonable value of ten per cent. of the amount collected. The plaintiff produced some evidence that the usual charges for collecting accounts was about ten per cent. of the amount collected. The evidence upon the part of the defendant admitted the services were rendered, but it contends it was agreed plaintiff was to be paid for said services the same as the salary he had been receiving prior thereto, which was $75 per month. He worked about four days in making the collections. The defendant introduced evidence that services of this kind were generally paid for at a regular monthly salary.

The court submitted the case to the jury and advised the jury that where one party renders services for another at his request and no special price is agreed upon, the law implies that the parties for whom the work is done will pay the reasonable value for the services rendered. The court in instruction No. 3 advised the jury if the defendant employed the plaintiff after his employment as agent terminated and the plaintiff accepted said employment to collect the unpaid freight bills, and they should find the compensation agreed upon was the regular monthly salary which was previously paid the plaintiff, then the verdict should be for the defendant. The case was submitted to the jury, and a verdict returned in favor of plaintiff for $356.40. From said judgment the defendant has appealed.

For reversal it is first contended the court erred in refusing to strike the evidence given by Mr. H. J. Butler on behalf of the plaintiff. Mr. Butler was asked if he was familiar with the compensation that collectors received for collecting accounts for various parties, taking into consideration the accounts being good, bad, or indifferent in that section of the country. This question was objected to and the objection overruled, and the witness answered he was. He then testified that a fair compensation would be from ten to 25 per cent. On cross-examination he was asked if he had any experience in making railroad collections, and he stated that he had none. He further testified that he did not know what was the usual and customary compensation of an agent who had been checked out, and who was thereafter retained to collect accounts. We think there was no error in refusing to strike out this evidence. This evidence was competent to support the contention of the plaintiff as to the reasonable value of services for collections. Whether there is any difference in collecting accounts from various persons due the railroad company for freight and accounts they might owe to any other individual, firm, or corporation, we are unable to state. This was a question of fact, however, for the jury. The evidence was conflicting regarding the terms of the employment, and it was for the jury under the evidence to find the terms of the contract, and if the compensation was not agreed upon, what would be fair and reasonable under the circumstances.

The next question presented in the brief is: The court erred in sustaining objections to certain questions propounded to the plaintiff on cross-examination. We think there was no error in sustaining the objections to these questions; if so, it was harmless. The questions propounded appear to have been testified to by plaintiff and other witnesses, and are matters over which there is no dispute.

It is next contended the verdict of the jury was excessive. There is sufficient competent evidence in the record to support the verdict of the jury, and there being no error in the instruction, the finding of the jury is conclusive on this court.

For the reasons stated, the judgment of the court is affirmed.

PITCHFORD, V. C. J., and JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.