## HEMME v. QUAPAW SUPPLY CO.

No. 12849—Opinion Filed Feb. 19, 1924.

1. **Frauds, Statute Of—Contracts—Original Promise.**

The question as to whether or not the verbal promise of parties to pay the debt created by the advancement of credit and delivery of goods is original or collateral is generally controlled by the intention of the parties, to be gathered from their conduct and relation to each other and all the facts and circumstances at the time bearing upon the issue, and in such case it is always a question of fact for the jury to determine whether the promise was an original or collateral one.

2. **Same—Question for Jury — Review—Sales.**

Where the plaintiff refuses to extend credit to a mining company, and the defendant in conversation with the plaintiff, or its sales agent, says, "Let the boys at the mine have the stuff and I will see that you get your money," and the account is originally charged to the account of the defendant on the plaintiff's books, and without this promise of the defendant the goods would not have been furnished, held, the intention of the parties at the time of the promise and the delivery of the goods is a question of fact for the jury, and where there is material testimony tending to support the verdict of the jury, the same will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; A. C. Brewster, Judge.

Action by Quapaw Supply Company against F. W. Hemme. Judgment for plaintiff and defendant appeals. Affirmed.

John P. Hickam, for plaintiff in error.

Frank Nesbitt, for defendant in error.

Opinion by RUTH, C. This action was originally filed in the district court of Ottawa county, Okla., by the defendant in error, plaintiff below, wherein it was sought to recover judgment against the plaintiff in error, defendant below, for goods delivered at a certain mine in Ottawa county at the special instance and request of the defendant.

For convenience the parties will be designated as they appeared in the court below.

It develops that one George Cox was manager, secretary, and treasurer of the Quapaw Supply Company, and active agent of the McNeal Machinery Company of Joplin, Mo.; the defendant, Hemme, was president of the Producers Lead & Zinc Company; that the McNeal Company had a mortgage on the Producers Lead & Zinc Company's power plant, and equipment, and a lien against the mill and equipment, and that a mortgage and lien was also held by the plaintiff, Quapaw Supply Company, against the Producers Lead & Zinc Company's plant, mill, and equipment; that Hemme, president, and Conklin, secretary, of the Producers Lead & Zinc Company, went to Joplin, Mo., and at the office of the McNeal Machinery Company, purchased the mortgages and liens referred to and the same were duly assigned to the defendant, Hemme. The witness Cox testified that at the time of the assignment of the mortgages and liens to the defendant, witness informed Hemme and Conklin that "We could not furnish material unless we had a written guarantee," and that some time thereafter, when in Miami, the defendant, Hemme, while seated in an automobile with another man who Cox did not know, but who, it afterwards develops, was a man by the name of Corliss, called to the witness Cox, who was on the sidewalk, and engaged him in conversation with reference to furnishing material to the mine, and during the conversation the defendant, Hemme, said, "Now, Cox, you let the boys up at the mine have stuff at both stores and I will see that you get your money," and Cox replied, "Under that consideration we will let you have the material." Cox further testified that the mortgage and lien on the Producers Lead & Zinc Company amounted to approximately $20,000, and plaintiff would not furnish material to a company so mortgaged without additional security; that they gave the credit to Hemme, carried it on their books in the name of Hemme; that they would not have furnished the material but for the defendant Hemme's promise; that they received checks signed by "Conklin, Treas.," he, Conklin, being present in Joplin with Hemme when the mortgages were purchased, but the checks did not purport to come from the Producers Lead & Zinc Company nor from Hemme; that the balance due the McNeal Machinery Company was assigned to plaintiff, and the amount sued for represents the balance due from Hemme on the Quapaw Supply Company's account and the assigned account of the McNeal Machinery Company.

The defendant admits the purchase of the mortgages and liens at Joplin, Mo., and that Cox might have been there, but defendant did not know that Cox was the man he was talking to when the defendant and Conklin were at the McNeal office in Joplin. Defendant admits he was with a Mr. Corliss in an automobile in Miami but denies the conversation in the McNeal Machinery Company's office in Joplin with reference to the

extension of credit to the Producers Lead & Zinc Company, and denies the conversation with Cox in Miami while seated in the automobile with Corliss. At the conclusion of the plaintiff's testimony, the defendant demurred, and after the case was closed the defendant moved for an instructed verdict, which motion was overruled and exception allowed. The cause was submitted to the jury with instructions by the court and a verdict returned for the plaintiff. Motion for new trial was formally filed and overruled and this cause was brought here regularly for review.

Defendant sets forth 12 assignments of error and presents by brief and argument three assignments which will be considered in their order.

(1) "The court erred in overruling the demurrer of defendant F. W. Hemme to the evidence of the plaintiff."

In this behalf the defendant contends that paragraph 2, section 5034, Comp. Stat. 1921, reading as follows:

"A special promise to answer for the debt, default, or miscarriage of another, except in the cases provided for in the article on guaranty"

"* * * makes any statement or alleged contract testified to in said cause invalid for the reason that the same, or some note or memorandum thereof, was not in writing, made and subscribed by the party to be charged, or by his agent."

The statute referred to is not inflexible, but was designed to prevent injustice and not to defeat justice, and was not intended as a refuge for those desiring to avoid the payment of their just debts, but was designed to prevent creditors from charging a third person who derives no personal benefit from the transaction with the debts of another, unless the promise to so answer for the debt had, with due solemnity and formality, been reduced to writing to the end that there might be no question as to the liablity of such third party, it being so unusual and outside the course of human nature to so answer for the debts of another to whom we were under no moral or financial obligation, but such a statute is to be interpreted and construed in the light of surrounding circumstances, and the understanding and intention of the parties at the time, and the strictness of the rule has been relaxed since 29 Chas. II, and the more modern rule is that it is now a question for the jury to determine whether, in view of all the facts and circumstances, the promise was an original or collateral one. Wadlock v. First National Bank, 43 Okla. 348, 143 Pac. 53; Richardson v. Parker et al., 33 Okla. 339, 125 Pac. 442; Mackey v. Nickoll, 60 Okla. 12, 158 Pac. 593.

The memory of the defendant appears to be very vague and his grasp of facts and circumstances, conversations, and letters is very elusive, particularly on the subject of the alleged promise, and to certain actions filed against the Producers Lead & Zinc Company for foreclosure of mortgages and liens, and was positive he had never heard of certain actions filed against the company, until his memory was refreshed by letters produced by the plaintiff's attorney relating to such suits and bearing his signature as president of the company, and then his recollection was that he signed the letters but paid no attention to them and "did not know what they were about," and in view of the fact that the plaintiff testifies Conklin was with the defendant at the McNeal Machinery Company's office in Joplin and heard the conversation in relation to the credit and it develops that Corliss was the man in the automobile with defendant when defendant requested plaintiff to furnish the goods, and that he would see that they got the money, and those facts are set forth in the petition of the plaintiff the defendant was not taken by surprise by the introduction of such testimony, and defendant made no effort to controvert this testimony by producing either Conklin or Corliss, we cannot say the jury was not justified in finding that the conversation did take place and the promise of the defendant under the circumstances was an original and not a collateral one, and was not within the protection of the statute.

Defendant's second specification of error is based upon the giving of certain instructions by the court and the refusal to give certain other instructions requested by the defendant. Defendant objects to the giving of instructions 1, 2, 3, 4, and 5. The instructions complained of have been examined, and while not as clear, full and complete as might be, they substantially state the law applicable to the facts when taken as a whole, and instruction No. 5 directs the jury that it must not single out any one instruction or paragraph, but must consider them as a whole, and where the instructions of the court are substantially correct, and do not tend to mislead the jury, and, where taken as a whole they fairly and clearly state the law applicable to the case, and there is sufficient evidence to support the verdict of the jury, the judgment will not be reversed on appeal. Okla., K. & M. Ry. Co. v. Hurst, 86 Okla. 177, 207 Pac. 86; Leforce v. Cooper, 87 Okla. 9, 208

Pac. 795; Snauffer v. First Nat. Bank of Medford, 86 Okla. 190, 207 Pac. 452.

Instruction No. 3 requested by the defendant and refused by the court, directs the jury, substantially, that in any event before they can find for the plaintiff they must find that the promise of the defendant was in writing, signed by the party to be charged, to wit the defendant. Such is not the law in this state, as heretofore indicated in this opinion, and no error was committed by the court in refusing the requested instructions. Wadlock v. First National Bank, supra; Richardson v. Parker, supra; Mackey v. Nickoll, supra.

Defendant filed his answer and cross-petition in this case alleging the fraud in the sale of the mortgages and liens to the defendant by the plaintiff and the McNeal Machinery Company, and requesting the following instructions:

"The burden of proof is upon the defendant to establish by preponderance of evidence to your satisfaction the allegations in his cross-petition, and if you find that he has done so, then your verdict should be for the defendant under his cross-petition for such amount as you may find he is entitled to under the evidence."

To the refusal of the court to give the requested instruction No. 3, defendant excepted, and, while such allegation was made in his cross-petition, no evidence was introduced at the trial to prove the fraud, and error cannot be predicated upon a refusal to give a requested instruction where there is no evidence to support it.

"The instructions in all cases should run to the facts and to all proper deductions and proper interpretations of them, and not to questions not presented or covered by the evidence." Eves Tall Chief v. Aaron et al., 87 Okla. 230, 209 Pac. 915; Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141; Fowler v. Fowler, 61 Okla. 280, 161 Pac. 227; Waters v. Dore, 50 Okla. 183, 150 Pac. 885; New v. Territory, 12 Okla. 172, 70 Pac. 198; Lockwood v. Frisco Lbr. Co., 22 Okla. 31, 97 Pac. 262.

The third assignment of error is predicated upon the court overruling defendant's motion for a new trial, but, in view of the holding of this court that no error was committed in assignments of error No. 1 and No. 2, complained of, and there being evidence reasonably tending to support the verdict, the same will not be disturbed on appeal. Tulsa Entertainment Co. v. Greenlees, 85 Okla. 113, 205 Pac. 179.

The conversations involving the promise were in evidence, together with facts tending to support the same, and, while the defendant positively denied the conversations or the promise, this court has repeatedly held that "where the evidence is conflicting but there is sufficient evidence upon which the jury could easily predicate the verdict, the Supreme Court will not reverse the judgment on appeal." Berquist v. Thomas. 86 Okla. 214, 207 Pac. 964.

The record examined, and there appearing no errors of law committed by the trial court, and there being competent evidence reasonably tending to support the verdict, the judgment of the court below will not be disturbed, and the same is hereby affirmed.

By the Court: It is so ordered.