KEAHEY et ux. v. CRAIG.

*96 P. 2d 521.*

No. 28300.    Oct. 18, 1939.

Rehearing Denied Nov. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied Dec. 12, 1939.

Bob Howe and John Keahey, both of Oklahoma City, for plaintiffs in error.

Tant & Barnett, of Oklahoma City, for defendant in error.

HURST, J. On May 29, 1931, J. R. J. Keahey and his wife executed a promissory note in the sum of $1,500 secured by a real estate mortgage to J. T. Finn. The note was payable in the following manner: $250 on May 29, 1932; $250 on May 29, 1933; and $1,000 on May 29, 1934, and called for interest from date at the rate of 10 per cent. per annum. Certain payments were made prior to May 29, 1932, including a refund of $75 hereinafter discussed, but they did not total $250, and the note and mortgage were in default on that date. No payments were thereafter made. On December 4, 1935, J. T. Finn assigned the note and mortgage to J. M. Craig.

Subsequently Craig sued Keahey and his wife in this action on the note and to foreclose the mortgage, and the Keaheys cross-petitioned on the ground that usury had been charged in that Craig deducted from the money loaned a bonus of $150. The case was tried to a jury, resulting in a verdict in favor of plaintiff, Craig. Judgment was rendered thereon, and defendants Keahey and wife bring this appeal.

1. Defendants contend that the trial court erred in refusing to direct a verdict in their favor and in overruling their motion for judgment notwithstanding the verdict. It argued that, although the note called for $1,500 and 10 per cent. interest thereon, being the highest legal rate of interest which the lender is permitted to charge under the law, yet plaintiff's own evidence shows that only $1,425 was actually loaned. It is true that where a note charges a larger sum than is actually loaned, with the highest allowable rate of interest, the transaction is tainted with usury. McKanna v. Thorne (1922) 87 Okla. 74, 209 P. 1039.

But there was competent evidence in explanation of the transaction to justify the finding by the jury that the contract was not usurious. J. T. Finn was the father-in-law of J. M. Craig. Finn left a sum of money with Craig to loan for him. Keahey owned a building in Oklahoma City which he wanted to repair and he approached Craig for a loan. The agreement was consummated on May 29, 1931, the date of the note and mortgage, and Craig held $1,500 of Finn's money for that purpose. It was understood that Craig would pay Keahey part in cash and take care of the repair bills when they became due out of the balance. On June 5th Craig paid Keahey $700. About June 22d Craig paid certain bills presented by Keahey and gave Keahey a check for the balance of the loan as computed at that time. The fact that the whole amount of the loan was not paid over at the date of the execution of the note does not of itself render the transaction usurious in view of the testimony that the full amount was held for the use of defendants according to their request. 66 C. J. 211, § 134.

After the payment of the bills, Craig ascertained that he still retained a balance of $145 and marked a refund on the note for that amount. Thereafter he discovered another unpaid bill in the amount of $70 and changed the amount of the refund credit to $75. The total amount loaned was $1,425. There is nothing to indicate that subsequent interest was not computed on the balance of $1,425 actually loaned as reflected by the refund, rather than the full face amount of the note.

Craig denied that he charged or collected a bonus in any amount.

2. Defendants further contend that the court erred in admitting testimony, over their objection, to the effect that they failed to pay taxes and keep up the insurance on the mortgaged property. Defendants also complain of the admission of testimony that they collected rent from the mortgaged premises during the time they were defaulting in the payment of taxes thereon, but the latter ap-

pears to have gone in without objection and calls for no further consideration here. Dane v. Bennett (1915) 51 Okla. 684, 152 P. 347. It is argued that the evidence as to the failure to keep up the taxes and insurance is irrelevant to any issue presented because the petition charges only the failure to pay the principal of the note and mortgage as the breach, and does not allege a failure to pay taxes or insurance, and that such evidence was introduced solely for the purpose of prejudicing the jury against defendants. Assuming that the trial court erred in admitting the evidence complained of, nevertheless it is an established rule that unless it affirmatively appears to have resulted in a miscarriage of justice or to have constituted a substantial violation of a constitutional or statutory right, the admission of irrelevant evidence will be deemed to have been harmless under the provisions of section 3206, O. S. 1931 (22 Okla. St. Ann. § 1068). Stephenson v. Malone (1937) 179 Okla. 35, 64 P. 2d 340. Plaintiff established a breach of the conditions of the note and mortgage by the failure to pay the principal and interest. The evidence complained of here is merely evidence of the breach of other conditions of the mortgage. We do not believe the jury could be any more prejudiced against defendants for their failure to pay taxes and insurance than for their failure to pay the principal and interest on the loan. Under the rule stated, upon an examination of the record, the admission of the evidence complained of does not warrant reversal.

Defendants also complain of the admission of an unverified tax statement showing the amount of unpaid taxes on the mortgaged premises, as not being the best evidence. But this evidence is merely corroborative of the testimony above discussed, and its admission likewise constitutes harmless error.

3. Defendants further contend that the court erred in refusing certain requested instructions.

(a) It is argued that the court erred in refusing to give the requested instruction to the effect that if the contract is originally usurious by reason of a bonus of $150 being exacted by the lender, then a subsequent credit or refund indorsed on the note would not purge it of its usurious character. The court instructed the jury that "if you find that at the time the loan agreement was entered into between the plaintiff and defendant that it was agreed between them that the plaintiff should retain out of the sum of $1,500 the sum of $150, or that the defendant herein was to pay to the plaintiff the said sum and that the said sum was a bonus or excess interest, that the same would constitute usury and the defendant is thereby entitled to recover herein." The requested instruction presupposes a finding in favor of defendants on this issue before the law with reference to purging the usurious character of a contract, originally usurious, is material. The jury found in favor of plaintiff with respect to the issue of whether a bonus had been charged or collected. Therefore, it appears that no prejudice could have resulted from the refusal to give the requested instruction, and under such circumstances the error, if any, must be deemed harmless. Hub-Wyoming Oil Co. v. Watts (1923) 89 Okla. 133, 214 P. 193.

(b) It is also argued that the court should have instructed the jury that there would be usury in the transaction if they found that plaintiff collected a bonus of $75 or any other amount, rather than instruct the jury that the transaction would be usurious if a bonus of only $150 was charged or collected as did the court. However, the only requested instruction in this connection also specified the amount of the bonus as $150 and no other sum, and there was no request for an instruction such as defendants now claim should have been given. Under such circumstances defendants are now precluded from complaining. Gourley v. Oklahoma City (1924) 104 Okla. 210, 230 P. 923.

4. Defendants further complain of certain instructions given by the court. They say in their briefs that they are

calling attention to the defects in the instructions given for the purpose of showing the effect of the refusal to give the requested instructions. It is not altogether clear whether they are contending that the alleged errors in the instructions given should require reversal, but suffice it to say that no objections or exceptions were made to the instructions given at the trial of the case, and under such circumstances this court will not, upon appeal, examine the same. Hunt Battery Mfg. Co. v. Stovall (1938) 183 Okla. 242, 80 P. 2d 623.

5. Defendants also complain of error in excluding testimony to the effect that in 1932 Keahey orally offered plaintiff $1,200 to liquidate the note, which tender was refused. Insofar as this tender was offered to establish a satisfaction of the indebtedness under the provisions of section 9520, O. S. 1931 (15 Okla. St. Ann. § 269), it was not error to exclude such evidence, because it clearly did not comply with the provisions thereof. However, it is argued that it is material evidence to show that in 1932 plaintiff had refused to consider a refund. But this testimony does not refute plaintiff's evidence that he credited the note with a $75 refund in 1931, and it does not tend to prove or disprove any issue in the case. It was not error to exclude such evidence. Waters v. Dore (1915) 50 Okla. 183, 150 P. 885.

Judgment affirmed.

WELCH, V. C. J., and CORN, GIBSON, and DANNER, JJ., concur.