M. D. COLE, d/b/a Cole Trucking Company, Highway Insurance Underwriters, and Lloyd Wayne Johns, Plaintiffs in Error,

v.

Patricia Ann ANDERSON, Defendant in Error.

No. 37270.

Supreme Court of Oklahoma.

Nov. 27, 1956.

Foliart, Hunt & Shepherd, Oklahoma City, for plaintiffs in error.

Earl E. LeVally, Healdton, for defendant in error.

HALLEY, Justice.

Patricia Ann Anderson, a minor, by her father as next friend, filed this action to recover damages for personal injuries against M. D. Cole, d/b/a Cole Trucking Company, Highway Insurance Underwriters and Lloyd Wayne Johns in the District Court of Latimer County. A jury returned a verdict for plaintiff for $3,000, and the defendants have appealed. Parties will be referred to according to their position in the trial court.

Most of the facts alleged by the plaintiff are not disputed. On December 12, 1953, at about 5:40 or 6:00 p.m., the plaintiff was riding in an automobile driven by her father in a westward direction along Highway 63 about six miles Southeast of Hartshorne, Latimer County, Oklahoma. The plaintiff was a girl of fourteen years of

age and was asleep on the back seat of the car at the time of the accident.

Prior to the time plaintiff approached the point of the accident in which she was injured, the defendant Lloyd Wayne Johns, the employee and agent of M. D. Cole, parked or placed a tractor with semi-trailer attached, completely across and at right angle to Highway 63, in such manner as to fully obstruct and block the highway. The vehicle mentioned was owned and operated by the defendant M. D. Cole. The defendant Johns, driver of the truck, was acting within the scope of his employment at the times mentioned.

It was alleged that it was dark, but no lights, flares, signals or other warning devices were displayed on or about the truck and trailer being operated for the defendant Cole.

It was further alleged that the automobile in which plaintiff was riding was being operated in a careful and prudent manner, with lights burning thereon, and without fault of the driver thereof, it collided with the side of the semi-trailer truck belonging to and being operated by the defendant Cole and that the accident was caused by the negligence of the defendants, Cole and Johns, in the following particulars:

(a) That said defendants violated the laws of the State prohibiting stopping or parking of any vehicle on the paved or main travelled part of the highway.

(b) In parking the truck on the highway in such manner as to obstruct the travel of others.

(c) In failing to properly light the truck or to display warning lights or signals and in obstructing the road as defined in Section 592, 69 O.S.1951; in willfully obstructing the highway in violation of Section 1754, 21 O.S.1951, and in blocking the highway and failing to station and maintain watchers to warn the public of the hazard so created.

The foregoing facts were generally undisputed but the following allegations were not admitted:

That the driver of the car in which plaintiff was riding was being operated with due care and that the driver thereof was without fault and that the collision and her resulting injuries were the proximate result of the negligence of the defendant Johns, the servant and agent of the defendant Cole.

Plaintiff alleged that as a result of the accident she was cut about the face and mouth, suffered the loss of one tooth and serious and permanent damage to her other teeth, and as a result will have to have extensive dental work done which will be painful and that as a result of cuts on her face permanent and disfiguring scars will impair her looks, and that she has suffered great physical and mental pain and suffering and will continue to so suffer as a result of her injuries. She prayed for damages in the sum of $25,000.

Defendants denied negligence of the driver of their truck, denied that the plaintiff was injured and that her injuries were caused by or contributed to by the negligence of the driver of the automobile in which she was riding, in that he failed to keep a proper lookout, failed to keep his vehicle under proper control, was driving at an excessive speed and failed to apply his brakes to reduce his speed or change his course or make any effort to avoid the collision with defendants' truck. Defendants also assert unavoidable accident as a defense.

■ Defendants submit only two propositions. They say that in the absence of competent proof of any permanent injuries sustained by the plaintiff the court must, on motion for defendants, remove such issue from the consideration of the jury and that failure to do so is error where the amount of the verdict appears to be excessive as it is alleged to be here.

The plaintiff alleged that she had suffered permanent injuries. The defendants moved that the court remove this question from the consideration of the jury on the ground that no evidence to support this claim had been offered. The court

overruled this motion on the ground that it was the province of the jury to determine the extent of the injury and the amount of the damages suffered.

Was there any competent evidence to support the allegations that plaintiff's injuries were permanent? No expert witness was called, such as a dentist or medical doctor. The plaintiff was fourteen years of age on December 12, 1953, when the accident occurred. The case was tried on November 19, 1955, almost two years after the accident. Plaintiff testified that she was thrown against the back of the front seat of the car in which she was asleep on the back seat and that the jolt "knocked one of my teeth loose"; that she got a cut on her hand, but that she still had the tooth which was knocked loose; that her mouth was cut and that these were the only cuts she received; that she hoped to have the tooth worked on or replaced; that she went to a dentist soon after the accident but had never been to any other dentist; that the cut on her hand left a small scar about one-quarter of an inch long and gave no more trouble; that the injured tooth does not bother her in speaking, but sometimes is painful in eating, but that no other teeth were injured.

Plaintiff's petition was copied verbatim in the instructions given to the jury. A careful examination of the evidence shows that there is no proof to support the allegations as to the extent of plaintiff's injuries. Defendants contend that where there is no proof in support of such allegations that they should be withdrawn from the consideration of the jury. They cite Gypsy Oil Co. v. Ginn, 88 Okl. 99, 212 P. 314, in which it is stated in the first paragraph of the syllabus:

"Where several grounds of negligence are charged, and there is an entire lack of proof on any, it is the duty of the trial court to withdraw such allegations from the consideration of the jury, or by the proper instruction to limit the jury to those allegations of negligence which are supported by the evidence."

In Morgan, Baldwin & Co. v. Kanola Oil & Refining Co., 102 Okl. 26, 226 P. 335, it is said:

"When, in a trial before a court and jury, neither the pleadings nor the proof is sufficient in law to entitle the plaintiff to recover one particular item of damages sought by the plaintiff, it is not reversible error for the court on motion of the defendant to order said item dismissed and to instruct the jury to confine its consideration to the other items of damages involved in the case, and upon such verdict rendered accordingly to enter its judgment denying the plaintiff the right to recover such item."

It has been well established that on the issue of permanent injuries, subjective in character and not clearly discernible by the jury, there must be competent medical testimony before such issue may be submitted to the jury. In Forrest E. Gilmore Co. v. Hurry, 165 Okl. 29, 24 P.2d 653, it was said in the first and second paragraphs of the syllabus:

"A question of whether an injury is temporary or permanent is one of science to be determined from the testimony of skilled and professional persons, and in an action for damages by reason of such injury the trial court is not warranted in submitting the question of the permanency of the injury to the jury as an element of damage where there has been produced no affirmative evidence by expert witnesses reasonably tending to show that such injury will be permanent."

"Where there is no competent evidence of permanent injury and the court instructs the jury that they may take into consideration whether the injury was temporary or permanent, and on appeal the defendant complains of said instruction and assigns as error that the verdict returned is excessive, the cause will be reversed."

See also Pine v. Rogers, 182 Okl. 276, 77 P.2d 542, 115 A.L.R. 1146.

When we consider that the court quoted verbatim all of the allegations of the pleadings and that in the petition of the plaintiff permanent injuries and future pain and suffering are alleged, and that after quoting verbatim all of the pleadings in the case the court advised the jury that "this forms the issues that the Jury is empanelled to try", and when we consider further that there was a lack of any competent evidence to support the claim of permanent injuries, we are forced to the conclusion that the court erred in overruling the motion of the defendants to remove the issue of permanent injuries from the jury.

In the case of Lambard-Hart Loan Co. v. Smiley, 115 Okl. 202, 242 P. 212, it is said in the syllabus:

"Where the pleadings are voluminous and involved and the court does not state the issues in its instructions to the jury, it is reversible error to submit the pleadings to the jury for them to determine what the issues are."

On petition for rehearing the Court said in regard to sending the pleadings to the jury room or, as was done here, in copying all of the pleadings verbatim in the instructions to the jury:

"While this question of practice appears to be here presented to this court directly for the first time, it has been incidentally involved in several earlier cases, and in each instance, though not a decisive question, the practice of sending pleadings to the jury room, or of copying the pleadings verbatim in the instructions, has been disapproved. Independent Cotton Oil Co. v. Beacham, 31 Okl. 384, 120 P. 969; Seay v. Plunkett, 44 Okl. 794, 145 P. 496; Dane v. Bennett, 51 Okl. 684, 152 P. 347; Schumucker v. Clifton, 62 Okl. 249, 162 P. 1094; Newton v. Allen, 67 Okl. 73, 168 P. 1009."

■ Defendants submit as their second proposition that the court refused to give in its instructions their theory of the case when asked to do so. They submitted three requested instructions which had to do with the operation of automobiles on the highways. Each of these requested instructions were improper in the form that they were submitted because in each instance it was provided that in case the jury found that the negligence of the driver of the automobile was the proximate cause of plaintiff's injury their verdict should be for the defendants.

To be sure the defendants were entitled to an instruction on the theory of their defense but here there was no evidence that showed that the negligence of Willie Anderson, the driver of the automobile in which plaintiff was riding, could be imputed to the plaintiff. Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732. Since negligence was shown on the part of the defendants in this case, in order to be freed of liability it was incumbent upon them to show that their acts did not contribute to plaintiff's injuries, and that her injuries were due entirely to the negligence of someone else. This, it would seem, would be difficult to do in the face of the evidence that the defendants had completely blocked a public highway and had put out no warning signs of any nature. They were entitled to an instruction which stated that if the plaintiff's injuries were due solely to the acts of a third party that the defendants were not liable and a further instruction that if the defendants' acts in no way contributed to plaintiff's injuries they would not be liable. As we view the evidence in this case, if the defendants were joint tort feasors with any one and the joint acts caused plaintiff's injury she would be entitled to recover from the defendants.

■ We do not find it necessary to discuss the issues presented by the plaintiff since no cross-appeal was filed. The matters complained of are not involved in the issues presented here by the defendants. It is a well established rule that where no cross-appeal is filed, the defendant in error cannot complain of errors that have no relation to the claim of errors raised by

the plaintiff in error. The rule is announced in Holshouser v. Holshouser, 166 Okl. 45, 26 P.2d 189, in the second paragraph of the syllabus as follows:

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal."

The trial court did not give a proper instruction on the measure of damages and this should be done in the event the case is tried again.

The judgment of the trial court is reversed with instructions to grant a new trial to be conducted in conformity with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and CARLILE, JJ., concur.

WELCH, DAVISON, BLACKBIRD and JACKSON, JJ., concur in result.