## PROVIDENT LIFE & ACCIDENT INS. CO. v. HENSON.

No. 28934. March 19, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 838.*

H. L. Smith, of Tulsa, for plaintiff in error.

A. C. Brewster, of Pryor, for defendant in error.

RILEY, J. Mrs. Iris Henson brought this action to recover on an accident insurance policy issued to her deceased husband, Jesse A. Henson, by defendant, the Provident Life & Accident Insurance Company of Chattanooga, Tenn. From a judgment and order overruling a motion for a new trial, the latter prosecutes this appeal. The parties will be referred to as plaintiff and defendant in the order in which they appeared in the trial court.

Plaintiff alleged deceased, while engaged in regular employment as a section hand, suffered a sunstroke, June 22, 1936; that the sunstroke was the sole and exclusive cause of his death, September 23, 1936; that within three or four days thereafter plaintiff notified defendant thereof orally and in writing; that after a full investigation of deceased's death defendant attempted to settle plaintiff's claim by offering to pay her a certain sum, thereby waiving formal proof of death.

Defendant pleaded no written notice of injury had been submitted within 20 days after the accident as required by the policy; that death did not result solely from an injury as described in the insuring clause within 120 days from date of the accident; and that death was not solely the result of bodily injuries, but resulted in part from disease or bodily infirmity.

The insurance contract, copy of which was attached to plaintiff's petition, provided for payment of indemnity for loss of life resulting directly and exclusively from bodily injuries sustained solely through external, violent, and accidental means. It also provided:

"4. Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury. In event of accidental death immediate notice thereof must be given to the Company.

"5. Such notice given by or in behalf of the Insured or Beneficiary, as the case may be, to the Company at Chattanooga, Tennessee, or to any authorized agent of the Company, with particulars suffi-

cient to identify the Insured, shall be deemed to be notice to the Company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.

"6. The Company upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

"7. Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

The first proposition presented in defendant's brief is, the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing to peremptorily instruct a verdict for defendant. Thereunder defendant argues three alleged errors which will be considered separately.

It is first urged that section 4 of the policy, supra, required notice of deceased's injury within 20 days after the accident. Admittedly no such notice was given.

This contention is untenable. By the last sentence of said section it is provided that immediate notice must be given in case of accidental death. If insured was claiming disability benefits because of injury, defendant's contention might be sound, but here plaintiff, the beneficiary, not the insured, is claiming for loss of insured's life because of accidental injury. In such a case the last sentence of section 4, supra, applies and "immediate notice" of death only is required.

This leads to defendant's second contention that "immediate notice" of death was not given. It is conceded "immediate notice" is construed to mean reasonable notice, that is, within a reasonable time under the circumstances.

Plaintiff testified her husband died September 23, 1936; that he was buried Sunday, September 27th, and that on the following day, Monday, September 28th, she had a justice of the peace prepare a notice of death; that said notice, with sufficient postage thereon, was addressed to defendant and properly placed in the United States mail; and that it had never been returned. Defendant's claim agent testified the first notice of death received was October 5, 1936. Apparently this was the one plaintiff mailed September 28th. It was shown two days was the regular time required for delivery of a letter addressed to defendant and mailed at plaintiff's post office. Defendant did not introduce the notice received October 5th, or explain its failure so to do. If the notice was postmarked or dated at a time other than that testified by plaintiff, defendant could have so shown. What constituted a reasonable time under the circumstances was a question of fact properly submitted to the jury, and the evidence was sufficient to justify a finding that "immediate," that is reasonable, notice of death was given. Defendant's contention is without merit.

Defendant next urges plaintiff has not shown defendant denied liability on grounds other than failure to furnish proof of death within 90 days as required by section 7 of the policy, supra.

It is true plaintiff pleaded and relied upon an implied waiver which she attempted to prove by specific actions of defendant subsequent to expiration of the 90-day period for submission of proof.

Defendant cites Continental Insurance Co. v. Chance, 48 Okla. 324, 150 P. 114; North British & Mercantile Ins. Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 P. 845; and Palatine Ins. Co. v. Lynn, 42 Okla. 486, 141 P. 1167. Para-

graph 4 of the syllabus in the Chance Case, supra, reads:

"When by the terms of an insurance policy proof of loss must be made within 60 days after the fire, denial of liability in order to constitute a waiver of proof of loss must occur within 60 days from date of the fire."

At the conclusion of plaintiff's evidence, defendant's demurrer thereto was overruled. Thereupon, defendant adduced its evidence. W. K. Kropp, defendant's claim agent, testified that proofs of death were submitted by plaintiff in November and December, wherein it was stated the accident causing insured's death occurred June 22, 1936. Insured died September 23rd. Plaintiff could have made formal proof of death at any time prior to December 23rd. No showing was made that defendant notified plaintiff these proofs were insufficient.

In Liverpool & London & Globe Ins. Co. v. Cargill, 44 Okla. 735, 145 P. 1134, it was held:

"When the insured, in good faith and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy as to proof of loss, good faith equally requires that the company shall notify him promptly of any objections thereto, so as to give him an opportunity to obviate them, and mere silence may so mislead him, to his disadvantage to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel."

Also, in 6 Supplement, Cooley's Briefs on Insurance, 1478, it is stated:

"An insurer, dissatisfied with proofs of loss furnished by insured, must notify insured of the objections, and afford him an opportunity to make corrections."

Although the instruments received from plaintiff were apparently in possession of defendant's counsel at the trial, they were not introduced. Under the circumstances reflected by the record, and the above authorities, the proofs submitted in November and December are presumed sufficient, otherwise defendant would have notified plaintiff of the defects.

At this point plaintiff would have been entitled to amend her petition by alleging formal proof of death was made within 90 days. Defendant's evidence so shows.

The above-mentioned amendment, which should have been allowed if leave to make it had been asked, so as to conform the petition to the evidence adduced by defendant, will, on this appeal, be regarded as having been made. Oklahoma Press Publ. Co. v. Gulager, 168 Okla. 245, 32 P. 2d 723.

Plaintiff in accordance with allegations in her petition submitted testimony that defendant's agent, subsequent to December, 1936, offered to pay her a certain sum in settlement of her claim and for surrender of the policy. By this and other testimony plaintiff sought to prove an implied waiver of formal proof of death. Defendant sought to show this was an attempted compromise, hence inadmissible.

As an abstract legal proposition this contention may be correct, but in view of evidence in this case, the conclusion reached above, and the fact that the trial judge, two or three times during the trial, and in his instructions admonished the jury that this testimony could only be considered to show an implied waiver and not to show liability, we believe the error, if any, was harmless.

In reaching the above conclusion we have kept in mind the tests that must be applied when considering a demurrer to plaintiff's evidence, and a request by defendant for an instructed verdict.

In Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785, the second and third paragraphs of the syllabus read:

"The test applied to a demurrer to the evidence is that all of the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted. The court cannot weigh conflicting evidence, but must treat as with-

drawn the evidence which is most favorable to the demurrant.

"Where defendant demurs to the evidence of the plaintiff in chief, and afterwards introduces evidence, which supplies the omission or defect in the evidence of the plaintiff, the error in overruling the demurrer is cured, and the ruling thereon becomes harmless."

A verdict should be directed for defendant only when the evidence, with all inferences reasonably deducible therefrom, is insufficient to support a verdict for plaintiff. Abbott v. Dingus, 44 Okla. 567, 145 P. 365; Hanna v. Mosher, 22 Okla. 501, 98 P. 358.

Defendant next contends there is no competent evidence that the death of the deceased was due "to the effects resulting directly and exclusively of all other causes from bodily injuries sustained during the life of this policy, solely through external, violent and accidental means."

Plaintiff's evidence showed insured, prior to June 22, 1936, was a normal, apparently healthy individual working as a section hand. About noon on said date he was engaged in fighting a grass fire. The temperature was about 110-112 degrees. Suddenly insured went down on one foot and complained of getting too hot; however, he completed the day's work. Plaintiff testified insured was ill when he returned home and vomited food eaten at the evening meal. Insured continued working eight hours per day until July 1st, when he requested and received a leave of absence until July 16th. During this leave and until July 25th, he was treated by his family physician, Dr. Hollingsworth, for malaria and tonsilitis. On July 25th he was pronounced completely recovered and released by the doctor. Although still under the doctor's care until July 25th, he returned to work July 16th and continued until August 14th. Insured was again in Dr. Hollingsworth's care from August 28th to September 18th, except September 1-5, when he was sent to a hospital in Muskogee for examination by Dr. Ballentine. About September 20th, he was taken to a hospital at Pryor, where he remained until he died. Co-employees testified that although insured continued to work a portion of the time following June 22nd, he was unable to properly perform his duties as he theretofore had done. Insured's weight decreased greatly, and he complained frequently of his heart. On August 28th, he reported to Dr. Hollingsworth that a second prostration had occurred a few days before, which the doctor later reported to defendant. This doctor testified that in his opinion insured suffered a sunstroke. Dr. Hillis, who examined insured three days prior to his death, testified that in his opinion insured could have suffered sunstroke under the circumstances which surrounded him June 22nd. He found nothing requiring an operation.

Plaintiff's and defendant's doctors agreed the immediate cause of insured's death was encephalitis, one of the principal causes of which is sunstroke.

Defendant sought to show malaria and tonsilitis were also primary causes of encephalitis. Plaintiff's testimony conflicted with this. Defendant's doctors inclined to the view that the encephalitis from which insured died was probably caused by a brain tumor. They testified the sunstroke, allegedly suffered June 22nd, could not have been either the primary or secondary cause of death. It was shown the reflexes controlling the heart, lungs, stomach, and kidneys had been depressed in a matter customarily found in sunstroke cases.

It is thus apparent a conflict in the testimony existed requiring submission of the case to the jury, and there was sufficient evidence from which the jury might reasonably infer that insured's death resulted from sunstroke suffered, as alleged, on June 22, 1936.

In Maryland Cas. Co. v. Hazen, 182 Okla. 623, 79 P. 2d 577, it was held:

"In an action on an insurance contract, in order to sustain a defense that the accident was contributed to by disease or bodily or mental infirmity so

as to prevent a recovery, the evidence must disclose that the disease or infirmity was so considerable or significant as to be characterized as disease or infirmity in the common speech of men."

Defendant's contention is untenable.

Defendant next contends there was no competent evidence to support instructions 2, 3, and 5, pertaining to waiver of notice required by the policy. Our disposal of the question of waiver above renders consideration of this contention unnecessary.

It is likewise unnecessary to further considered defendant's last contention, to wit, the trial court erroneously refused certain requested instructions on points not covered by the court's instructions, other than to say several are improper under the views hereinabove expressed, and the others pertain to points sufficiently covered by the court's instructions when read as a whole.

Judgment is affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur.