**T. A. DOBRY, Plaintiff in Error,**

**v.**

**Joe E. DOBRY, Frank Kostka, and Alan O. Norwood, and Dobry Flour Mills, Inc., a corporation, Yukon, Oklahoma, Defendants in Error.**

No. 37290.

Supreme Court of Oklahoma.

Jan. 21, 1958.

Rehearing Denied March 25, 1958.

Application for Leave to File Second Petition for Rehearing Denied April 29, 1958.

Frantz C. Conrad, Oklahoma City, for plaintiff in error.

Porta & Weaver, Ralph A. Myers, Jr., El Reno, for defendants in error.

PER CURIAM.

This is a stockholders' action against the directors of a family corporation to compel an accounting by the directors to the corporation. Judgment was for the defendants. Inasmuch as the parties occupy the same relative positions here as in the trial court, continued reference to them will be by their trial court designation.

This action by plaintiff is only one of several (see Dobry v. Dobry Flour Mills, Inc., Okl., 270 P.2d 317) in which he has participated as a dissident minority stockholder of this family corporation, the assets of which have now been sold for the purpose of completing the liquidation and dissolution of the corporation which was in process

at the time the action was initiated. The amended petition, upon which an accounting was predicated, alleged approximately seven classifications of corporate expenditures which it is asserted were wrongful and justified an order to the individual defendants, as directors of the corporation, requiring them to account. The trial court, after hearing the evidence, concluded there was no necessity for an accounting for these expenditures. We shall dispose of the matter by discussing each separate classification.

■ The first class of expenditures upon which the duty to account is asserted is advancements of corporate funds to the defendants, all of which were repaid prior to this action by the surrender of stock to the corporation. Nevertheless, it is claimed that the defendants should be required to pay interest on the amount of their accounts. The evidence disclosed that these defendants had accounts with the corporation that varied in amount from month to month. Other stockholder-officers in the past also had had such accounts, including this plaintiff. The practice was one of long standing in the corporation. At no time does it appear that there was an agreement to pay interest or that interest was paid by anyone, either the corporation to the individual when a credit existed, or by the individual to the corporation when a debit existed. But, without relying upon the long history of this practice in which the plaintiff had participated, a sufficient answer to this claim is found in the rule that where interest is in the nature of damages, there being no agreement to pay interest, and where the principal has been repaid, interest as a separate item cannot be recovered. Heidelberg College v. National City Bank of Cleveland, 65 Ohio App. 212, 29 N.E.2d 572; Alliance Ins. Co. v. Alper-Salvage Co., Inc., 6 Cir., 19 F.2d 828.

■ The second category of expenditures is money paid the defendants as "vacation pay" and "Christmas bonus." Initially, we might well note that plaintiff's proof to establish the right to an accounting consisted of the testimony of an expert witness who related his findings based upon his examination of the corporation records and certain minutes of meetings of the directors and stockholders. In explanation, the expert witness stated that his opinion was based solely on the records he examined, and that the officers might well explain and properly establish the validity of the expenditures. The defendants' undisputed testimony on this category, by both a director and the corporation bookkeeper, was that these payments were pursuant to a long-established company policy (since at least 1944) in which the plaintiff also had participated as an employee prior to his discharge, and that the corporation stockholders knew of these payments and approved. This practice being then a matter of which all stockholders, including plaintiff, had knowledge for several years, plaintiff, who has enjoyed the benefits of the policy, cannot now complain. These facts are sufficient to work an estoppel. Fletcher Cyc. Corp., Sec. 5862; 5887; 5874. Too, these are matters of internal management of the corporation affairs with which the courts are slow to interfere. Adams v. Mid-West Chevrolet Corporation, 198 Okl. 461, 179 P.2d 147, 175 A.L.R. 554.

■ The next disputed category is payments to the various defendants over a period of several years of amounts listed as "expenses" but for which the expert witness could find no supporting vouchers. The defendants' evidence was that these claims were paid for the actual expenses of the defendants in the necessary business of the corporation, and that they were in fact established by detailed vouchers. The bookkeeper testified the vouchers were inadvertently lost when, after the business was sold, they were carted away by the Salvation Army as waste paper.

Another disputed category relates to payments to certain of the defendants for wheat sold the corporation. The expert's testimony established that on these sales a slightly higher per-bushel price was paid. The defendants' undisputed evidence was

that it was the corporation policy to pay all stockholders the more favorable price as though based upon a carload sale.

■ A rather substantial amount paid as attorney fees was also contested upon the theory that it was in part at least for the benefit of the individuals. Here the testimony disclosed that this plaintiff and his mother had instituted several actions against the corporation over the past few years, and that although the individual defendants were also parties to these actions the corporation was a primary defendant. All these actions terminated in the corporation's favor. No issue was made concerning the reasonableness of the fees paid, and it was unequivocally established that they were paid to various attorneys for their assistance to the corporation. These fees were legitimate expenses of the corporation.

■ Objection is also taken to expenditures paid in pursuance to what is termed "hedging" operations by the individual directors. Plaintiff describes these transactions as "gambling" with corporate funds. The evidence disclosed, however, that this practice too was one of long standing in the organization and one in which the plaintiff, while president of the corporation prior to 1939, also had participated. As explained by the bookkeeper, this "hedging" was the purchase of wheat futures on the market to insure the cost of the wheat needed to fulfill orders for flour. It was undisputed, even admitted by plaintiff, that almost all large flour mills engaged in this practice as a necessary method of establishing a firm cost in their flour contracts. It was also undisputed that the individuals made no personal gain from the practice, but that it was solely for the benefit of the corporation. Furthermore, there is no evidence that the corporation lost money thereby, as the plaintiff made no effort to show the complete transaction as related to the corporation flour contracts, but merely showed the money paid as losses and brokerage fees in pursuance of the plan.

■ Plaintiff also questions the salaries paid the directors as officers in the corporation and those paid two sons of one of the defendants who were employed by the corporation. It is not unlawful for a director to be a salaried officer. 18 O.S. 1951 § 1.35(c). It is also not disputed that each of these individuals performed service as officers and employees of the corporation. Their salaries were established by the directors in 1947, substantially as they existed at the time the corporation proceeded to dissolve, and the minutes of this meeting of the directors were presented to the stockholders at the next annual meeting and approved by them without dissent, the plaintiff being present. Although certain of the salaries were substantial, the mere fact that the corporation failed to make a profit is not sufficient to question their payment under the circumstances. Plaintiff attended all subsequent meetings of the stockholders since 1948, at which these directors were re-elected, and offered no objection to the amount of the salaries of the corporation officers or employees.

■ This is an action for an accounting, an equitable proceeding. As a general rule in such an action, where the right to an accounting is placed in issue, as in this case, the burden is upon the plaintiff to prove his right to the relief sought. He must place in evidence facts which reasonably tend to prove that there is a balance due. Failing this, there is no right to an accounting, and the bill is properly dismissed. Warden v. Richardson, 203 Okl. 474, 223 P.2d 338. Upon our examination of all the evidence, we cannot say that the court's judgment denying an accounting is against the clear weight of the evidence, and it is therefore affirmed.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.