**PACIFIC NATIONAL FIRE INSURANCE COMPANY, Plaintiff in Error,**

v.

**Charlie WOODS, Defendant in Error.**

**MANHATTAN FIRE & MARINE COMPANY, Plaintiff in Error,**

v.

**Charlie WOODS, Defendant in Error.**

**GREAT SOUTHERN FIRE & CASUALTY INSURANCE CO., Plaintiff in Error,**

v.

**Charlie WOODS, Defendant in Error.**

**The HOME INSURANCE COMPANY, Plaintiff in Error,**

v.

**Charlie WOODS, Defendant in Error.**

Nos. 39849–39852.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Rehearing Denied May 14, 1963.

Lon Kile, Hugo, for plaintiffs in error.

Ed Shipp, Idabel, for defendant in error.

IRWIN, Justice.

Charlie Woods, hereinafter referred to as plaintiff, commenced four separate actions, one against each of the plaintiffs in error, Great Southern Fire and Casualty Insurance Company, Pacific National Fire Insurance Company, Manhattan Fire & Marine Company, and The Home Insurance Company, to recover under separate insurance policies issued by each company. A motion for consolidation of the actions was filed in each case based on the fact that the alleged losses all occurred from the same fire. It was stipulated and agreed that the cases be consolidated for trial; that one verdict be rendered; and, in the event the verdict was for the plaintiff, a pro rata liability of each of the companies would be prorated as the insurance policy issued by each company bore to the total amount of the verdict.

The jury returned a verdict in favor of plaintiff for the full amount prayed for and judgment was rendered on the verdict against each of the defendant insurance companies for each company's pro rata liability. All the defendants perfected an appeal after their separate motions for a new trial were overruled and the four appeals were consolidated for the purpose of briefing, under Cause No. 39,849.

## PLEADINGS

In the three separate actions filed against Great Southern Fire and Casualty Company, Pacific National Fire Insurance Company and Manhattan Fire & Marine Company, the plaintiff alleged that each company insured plaintiff against loss or damage by fire to the amount of $7,999.99, upon his grocery and food locker business, together with the building, furniture, locker

plant and contents thereof; that while each policy was in force and effect, all the property insured was destroyed by fire and had a value of $36,000; that under the terms of each policy other concurrent insurance was permitted and that each defendant's proportionate liability was $7,999.99.

Each insurance company filed a general denial except those admitted to be true. They admitted that the policies were issued but alleged that plaintiff, in applying for the policies, wilfully misrepresented that he was the sole owner of the premises, when, in fact, he was not the sole owner; that such statement was material to the risk and was relied upon by the companies; that plaintiff violated the provisions of the policies in that he failed to furnish defendants with a true inventory of the damaged and undamaged property, or show the quantities, cost and true cash value thereof; that plaintiff failed to render a true proof of loss; that plaintiff increased the hazards covered by the policies by keeping a quantity of inflammable liquid in an exposed condition in violation of the policies, and that the fire complained of was wilfully, deliberately and intentionally caused by plaintiff. The defendants tendered to plaintiff the premiums paid.

The allegations against The Home Insurance Company were similar to the allegations against the other companies, except The Home Insurance Company's policy covered only the building. Its answer was to the same effect as the answers filed in the other causes by the other defendant companies.

## PROPOSITION I

 The jury returned a verdict in the sum of $11,000.00 in damages for the freezer lockers and judgment was rendered accordingly. The court instructed the jury as follows:

"You are further instructed that the defendant companies are not liable for any loss that resulted from the neglect of the plaintiff Wood to use all reasonable means to save and preserve the property after the fire, and in this connection you are told that the plaintiff Wood has testified that the freezer lockers were not damaged by fire, and that the only damage to them was caused by exposure to the elements after the fire. For this reason you are instructed that the plaintiff Wood cannot recover for any damages to the freezer lockers, unless you further find that the defendant companies, through their agents instructed the plaintiff Woods not to go upon or disturb the premises or any of the property thereon."

Defendants contend the court erred in giving the above instruction because: (1) there is no evidence to support the above instruction as there is no competent evidence that anybody representing any of the defendants instructed plaintiff not to go upon or disturb the premises or any of the property thereon; (2) plaintiff did not allege that the freezer lockers were damaged by exposure to the elements after the fire, nor did he allege an excuse for his failure to protect the freezer lockers from damages, and under such circumstances plaintiff waived his claim for damages caused by exposure to the elements, and (3) there is no competent evidence of the damages done to the freezer lockers, or the value of the lockers before they were damaged, or their value after they were damaged.

In considering the evidence to support the above instruction, plaintiff testified that he did not receive any communication from any of the insurance companies complaining in any manner about any proof of loss and requesting a proof of loss and the insurance agent testified that nothing was ever referred to him that plaintiff failed to do. Plaintiff further testified that he did not go upon the premises and salvage what he could because "they never gave me a release, never did say it was mine, but to stay away until they gave me a release, and don't bother it". There was also evidence tending to show that permission was requested to

remove the property but that he was unable to get permission.

In the case of Cabiniss v. Andrews, Okl., 258 P.2d 180, we held that the trial court must instruct the jury upon every reasonable theory of either party, finding support in the evidence. In the instant action there was evidence supporting the theory of the plaintiff that the defendant insurance companies, through their agents, instructed the plaintiff not to go upon or disturb the premises or any of the property thereon. Therefore, the trial court did not err in giving the above instruction if plaintiff did not waive his claim for damages caused by exposure to the elements and there is competent evidence of the damages sustained to the freezer lockers.

■■■ The evidence as to damages will be considered under another proposition and we will now consider whether plaintiff waived his right to damages caused by exposure to the elements by failure to include such element of damages in his pleadings.

In Kelly v. Cann, 192 Okl. 446, 136 P.2d 896, we held:

"No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

In Barnsdall Nat. Bank v. Dykes, 136 Okl. 226, 277 P. 219, it was urged that the court permitted evidence, instructions and argument of waiver without the same being pleaded, and we said:

"Where the trial court's attention is not called to the absence of such a pleading by proper objection to the testimony, the pleading will be considered as amended, if an amendment would have been proper, and especially where no injury is shown to have resulted to the complaining party."

In Liberty Plan Co. v. Francis T. Smith Lumber Co., Okl., 360 P.2d 500, we said:

"* * * Unless variance is specifically called to the trial court's attention and its prejudicial effect shown, as required by the cited statute, the pleadings will be considered to have been amended so as to conform to the proof, even though no formal amendment was sought by the party and none required by the court."

In Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Henson, 187 Okl. 150, 101 P.2d 838, we held:

"An amendment, which should have been allowed, if leave to make it had been asked, so as to conform the petition to the evidence adduced by defendant, will, on appeal, be regarded as having been made."

In the instant action defendants did not object to the testimony of plaintiff relating to why he did not go upon the premises and salvage what he could, nor did defendants call to the trial court's attention that plaintiff did not plead that he was not permitted to go upon the premises for the purpose of protecting or salvaging what he could of the damaged locker freezers. The insurance agent testified that plaintiff complied with all the requests of the defendants and the company had an estimate made of the damages to the locker freezers. Considering all the facts we can only conclude that defendants not only knew that plaintiff was seeking recovery for all the damages to the freezer lockers but the case was tried on this issue. Therefore, defendants have failed to show any prejudicial effect for plaintiff's failure to make the necessary allegations and the pleadings will be considered as amended so as to conform to the evidence.

PROPOSITION II

■■ Defendants contend that Instruction No. 12, given by the court, to which defendants excepted, is ambiguous and does not properly state the law relating to defendants' burden of proof and that said instruction is inconsistent with Instruction No. 3.

Instruction No. 3, contained, inter alia, the following: "The burden of proof is upon the plaintiff to establish by a preponderance of evidence all the material allegations of the petition. * * * Likewise, the burden of proof in this case is upon the defendants to establish by a preponderance of the evidence all the affirmative allegations in their answers. * * *." The Court defined the term "preponderance of the evidence" and it is not contended the given definition is erroneous.

Instruction No. 12, contained, inter alia, the following: "Should you find for the plaintiff by a preponderance of the evidence that his property was destroyed and that the loss was covered by the policies issued by the defendant companies, and you fail to find that plaintiff violated any of the terms of the policies, then you will find for the plaintiff and against the defendants." In the concluding paragraph of this instruction this language was used: "If, on the other hand you are unable to find for the plaintiff by a fair preponderance of the evidence, or you find by a fair preponderance of the evidence that the defendants have proven one of their affirmative defenses alleged in their petition, then in either of said latter events you will find for the defendants."

Defendants urge that the language in Instruction No. 12, *and you fail to find that the plaintiff violated any of the terms of the policies* was in "actual effect a reference to the defendants' affirmative defenses and while this paragraph of the instruction said that the plaintiff only had to prove its case by a 'preponderance of the evidence', it gave no intimation of the defendants' burden or the limitation of defendants' burden of proof concerning their affirmative defenses." Defendants argue that the court cast upon them the burden of proving their affirmative defenses "by a fair preponderance of the evidence" and this was a greater burden than they should have been required to sustain.

In the case of Midland Valley R. Co. v. Barnes, 162 Okl. 44, 18 P.2d 1089, the following instruction was given:

"The burden of proof is upon the defendant to establish to your satisfaction, by the fair weight and preponderance of the evidence, the allegations of contributory negligence."

Although this Court criticized the above instruction and stated the instruction was objectionable, we said:

"Upon an issue of negligence in a civil case, an instruction to the jury that the party alleging negligence must establish his allegations, 'to your satisfaction,' 'by a fair weight and preponderance of the evidence,' imposes upon the party an unwarranted degree of proof, and ordinarily constitutes reversible error, at least unless the other instructions properly define the term 'preponderance of the evidence,' and required the jury to find the issue in favor of the party alleging negligence if they conclude that the evidence upon the issue preponderates in his favor.

"Record examined, and held, that under section 319, C.O.S.1921, the giving of said erroneous instructions did not affect the substantial rights of plaintiff in error in the instant case."

Title 12 O.S.1961 § 78 (Sec. 319 C.O.S. 1921), provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In the instant action plaintiff alleged that he had fulfilled all of the conditions of the insurance policies and Instruction No. 3 placed upon him the burden of proof to establish by a preponderance of evidence all the material allegations of his petition. Defendants alleged that plaintiff violated the provisions of the insurance policy as an

affirmative defense, and Instruction No. 3 placed upon defendant the burden to establish by a preponderance of the evidence these affirmative allegations. The term "preponderance of evidence" was properly defined and it is not contended to the contrary.

In addition to properly defining the term "preponderance of evidence", and in addition to the instruction "If \* \* \* you find by a fair preponderance of the evidence that the defendants have proved one of their affirmative defenses \* \* \* you will find for the defendants", the jury was instructed that "\* \* \* if you are unable to find for the plaintiff by a fair preponderance of the evidence \* \* \* you will find for the defendants".

Although the use of the language *fair preponderance* is objectionable as to all parties, we can not say that such use in the instant action when considered with the other instructions affected the substantial rights of the defendants. We therefore hold that said instructions do not constitute reversible error.

## PROPOSITION III

■ Defendants contend the trial court erred in refusing to instruct the jury to disregard the testimony of Dreman Sanders and that the witness Kilgore did not possess the requisite special knowledge on the marketability, market value or replacement cost of the freezer lockers to qualify him as an expert in that field and that such testimony was incompetent and that plaintiff failed to sustain his burden of proof as to the damages sustained.

Witness Sanders was called as a witness for plaintiff although he had been employed by the attorney for the insurance company for the purpose of making an estimate of the cost of replacing the building and locker plant. The witness stated to the jury his estimate and no objections were made as to his qualifications or his testimony, nor did defendants question his estimate on cross examination or move to strike his testimony.

Witness Kilgore testified that he was in the locker plant and grocery business; that he had on several occasions examined plaintiff's entire plant and its operations and that he knew the fair market value of the plant when it was destroyed. The witness gave his opinion as to the value. Defendants did not object to his testimony, nor to his qualifications and did not move to strike his testimony.

In Superior Oil Co. v. Griffin, Okl., 357 P.2d 987, defendant contended that certain opinion evidence was wholly insufficient to sustain the jury's verdict and judgment. In considering this contention we pointed out that defendant failed to object to the questions which elicited the opinion evidence and failed to move to strike the testimony. We said the jury was privileged to give consideration to the opinion evidence notwithstanding the witness may not have been shown to be qualified to give an opinion. We then cited with approval Dane v. Bennett, 51 Okl. 684, 152 P. 347, wherein we held:

"Incompetent testimony, if relevant to the issue, is sufficient to sustain a verdict, if admitted without objection."

In Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964, we held:

"Whether or not the qualifications of a witness with respect to knowledge or special experience is sufficiently established is a preliminary question for determination by the trial judge, and his ruling thereon will not be disturbed in the absence of a showing of abuse of judicial discretion."

Applying the above principles to the facts in the case at bar, we can not conclude that the trial court abused its judicial discretion in admitting the testimony of the two witnesses and the jury was privileged to give consideration to such evidence.

## PROPOSITION IV

■■ Defendants' several related specifications will be considered under this single proposition. These specifications are:

plaintiff did not discharge the burden of proving the market value of the freezer locker or even that it had an established market value, or the actual cash value or the replacement cost of the building; and that the jury did not give proper consideration to the original cost of the building, its age and deterioration; that defendants are not liable beyond the cost of repairs or replacement.

In addition to plaintiff's testimony as to the fair market value of the equipment, the fixtures, building and contents, there was testimony by plaintiff's witnesses as to the value of the locker plant. There was testimony of a building contractor, employed by the insurance companies, which was introduced by plaintiff, as to the cost of replacing the building and locker plant. There was testimony as to the cost of restoring the locker plant, the building and the equipment and there was evidence as to separate estimates as to the locker plant and building which took into consideration any material left from the destroyed premises that was suitable for use in the reconstruction. Defendants introduced an exhibit showing an estimate for replacing the building and locker plant.

Although the evidence may have been in conflict, a clear cut question of fact was presented to the jury as to the value of the building, freezer lockers, fixtures and contents prior to the fire. In the case of Brown v. Reames, Okl., 364 P.2d 906, we held:

"If there is any evidence in law action reasonably tending to sustain jury verdict, which has been approved by trial court, verdict and judgment based thereon will not be disturbed on appeal."

See also Stout v. Cargill, Inc., Okl., 355 P.2d 1067 and 2A Oklahoma Digest, Appeal and Error,

There is evidence reasonably tending to sustain the jury verdict, which was approved by the trial court.

Judgment affirmed.