**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JIMMY MAYBERRY; LETHA
MAYBERRY, dba GEM ELECTRIC
COMPANY,

      Plaintiffs - Appellants,

v.

PIONEER LIFE INSURANCE
COMPANY (Conseco Companies), a
foreign corporation,

      Defendant - Appellee.

No. 01-5129
(D.C. No. 99-CV-659-B)
(N.D. Oklahoma)

---

ORDER AND JUDGMENT *

---

Before **HENRY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Jimmy and Letha Mayberry appeal from the judgment in favor of defendant Pioneer Life Insurance Company on their claims for breach of contract, bad faith, and punitive damages, and the dismissal of their motion for a bill of accounting. We have jurisdiction under 28 U.S.C. § 1291. As we find no plain error–if there is error at all–in the trial court's action, we affirm.

Plaintiffs were covered by defendant's catastrophic hospital expense insurance plan beginning on December 10, 1992. During the course of the policy, plaintiffs submitted approximately 3000 claims seeking approximately $250,000. Defendant paid approximately $200,000 and denied other claimed amounts. Plaintiffs asserted that defendant breached the insurance contract and acted in bad faith by wrongfully denying payment on insurance claims and improperly increasing their insurance premiums.

Defendant filed a motion for summary judgment. The district court originally granted it in part, limiting plaintiffs' breach of contract claim to the alleged wrongful denial of a dental claim. Addressing plaintiffs' "motion to reconsider interlocutory order," the district court decided to allow plaintiffs to proceed against defendant on all unpaid insurance claims. The district court noted, however, that plaintiffs' breach of contract and bad faith claims were limited to unpaid claims, because plaintiffs did not raise the issue of claims ultimately paid upon resubmission until their motion to reconsider.

The case was then tried to a jury. At the conclusion of the evidence, defendant filed a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). The court entered judgment for defendant on plaintiffs' bad faith and punitive damages claims and submitted plaintiffs' remaining breach of contract claim to the jury. The jury rejected plaintiffs' breach of contract claim, and the district court dismissed their claim for a bill of accounting on the basis that it was not supported by the evidence.

Plaintiffs argue on appeal that: (1) the district court's comment to the jury regarding the testimony of their expert witness, Melvin Cooper, unfairly prejudiced the jury; (2) the district court erred in limiting the dollar amount of a disputed dental claim based on a theory not advanced by defendant at the time it initially rejected the claim; (3) there was sufficient evidence to submit to the jury their bad faith and punitive damages claims; (4) the district court improperly denied their evidence of resubmitted claims; (5) the district court improperly imposed a contractual statute of limitations that defendant had not preserved in the Pretrial Order; and (6) there was sufficient evidence to support their claim for a bill of accounting on premium issues. Plaintiffs contend that the jury's verdict based on a finding that there was no breach of contract should be reversed, and the case should be retried on all issues.

"A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." Wood v. Eli Lilly & Co. , 38 F.3d 510, 512 (10th Cir. 1994). On appeal, we apply "the normal federal standards of appellate review to examine the district court's decision process." Mid-America Pipeline Co. v. Lario Enters., Inc. , 942 F.2d 1519, 1524 (10th Cir. 1991).

In their first assertion of error, plaintiffs contend that a comment made by the trial judge to the jury amounted to an instruction to disregard the testimony of their expert witness, Melvin Cooper, which unfairly prejudiced their breach of contract claim. Plaintiffs presented Mr. Cooper as an expert on the coverage provided by their insurance contract.

At the end of all the evidence, the judge said to the jury:

> In reference to the testimony of Mr. Melvin Cooper who testified in this case, let me simply say to you insofar as you conclude that Mr. Cooper's testimony involved an erroneous conclusion regarding the benefits or coverage under the insurance policy, you should simply disregard his testimony if you think that was the case as to any particular claim or claims.

Aplt. App., Vol. III at 587. Plaintiffs did not object to this comment.

Because plaintiffs did not object at trial, we review the trial judge's instructions to the jury for plain error. Giron v. Corrections Corp. of Am. , 191 F.3d 1281, 1289 (10th Cir. 1999). "We will only reverse under the plain

-4-

error standard in an exceptional circumstance–one where the error was patently plainly erroneous and prejudicial." Id. (quotation omitted).

We have carefully considered the judge's comment in this case, and hold that it does not constitute error and did not prejudice plaintiffs. The trial judge in a federal court "is not limited to instructions of an abstract sort." Quercia v. United States , 289 U.S. 466, 469 (1933). Rather, the judge is entitled "to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, . . . provided [the judge] makes it clear to the jury that all matters of fact are submitted to their determination." The judge "may analyze and dissect the evidence, but . . . may not either distort it or add to it." Id. at 470. The judge's comment in this case did not add to or distort the evidence, and clearly left the duty of fact-finding with the jury.

In their second argument, plaintiffs contend that the district court erred in limiting the dollar amount of a disputed dental claim based on a contract provision not advanced by defendant at the time it initially rejected the claim. Plaintiffs offer no support for their contention that defendant was precluded from relying on the entire insurance contract at trial of their breach of contract claim. We are aware of none and, therefore, reject plaintiffs' argument. We have reviewed the trial transcript as it relates to the disputed dental claim. Based on the evidence presented at trial, the amount submitted to the jury as potential

damages, $1722, is the amount that was potentially covered by the contract as an accidental injury. The rest of the disputed dental claim clearly was barred by the policy's cosmetic surgery exclusion, if not by other provisions. We need not consider whether plaintiffs were entitled to the disputed $1722 as a matter of law because the issue was determined by the jury.

Next, plaintiffs assert that there was sufficient evidence to submit their bad faith and punitive damages claims to the jury. The trial court granted defendant's motion for judgment as a matter of law on these claims because the only testimony that potentially could support them was that of Melvin Cooper. The court decided, however, that Mr. Cooper's testimony was based on an erroneous interpretation of the insurance policy, was not probative, and could not meet the required evidentiary standard for either bad faith or punitive damages. Aplt. App., Vol. III at 574-75. Plaintiffs contend that the district court misunderstood the policy and that its decision was error, but fail to set out an argument demonstrating any error. We reject plaintiffs' conclusory argument.

Next, plaintiffs argue that the district court improperly denied their evidence of claims that were resubmitted before they were eventually paid. The district court considered the issue of resubmitted claims untimely because plaintiffs did not raise it until their motion to reconsider, in which they challenged the partial grant of summary judgment to defendant. See Aplt.

Opening Br., Att. 3, at 3 n.1 (district court order on plaintiffs' motion to reconsider). Although plaintiffs assert on appeal that they raised the issue in an earlier pleading, they did not include in their appendix the document necessary for us to review that assertion. Because it is plaintiffs' responsibility to provide an adequate record, we decline to consider their inadequately supported argument. See 10th Cir. R. 10.3(A), (B).

Next, plaintiffs maintain that the district court improperly imposed a contractual statute of limitations that defendant had not preserved in the Pretrial Order. Because plaintiffs have not demonstrated that the jury verdict finding no breach of contract by defendant should be overturned, the issue of a limitation on damages is moot.

Finally, plaintiffs argue that there was sufficient evidence to support their motion for a bill of accounting on premium issues. An action for an accounting is a proceeding in equity. Dobry v. Dobry, 324 P.2d 534, 537 (Okla. 1958). "We review the district court's exercise of its equitable jurisdiction and its denial of [plaintiffs'] motion for an abuse of discretion." United States v. Grover, 119 F.3d 850, 851 (10th Cir. 1997). Plaintiffs had the burden to prove their right to relief by "plac[ing] in evidence facts which reasonably tend to prove that there is a balance due." Dobry, 324 P.2d at 537.

Plaintiffs point to evidence which, they argue, does not establish that defendant's premiums were proper. They fail to present evidence that defendant's premiums were <u>improper</u>, which is their burden. We therefore affirm the district court's dismissal of plaintiffs' motion for a bill of accounting.

AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge